**Jie QU, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 04–70471.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004 San Francisco, California.*

Decided Dec. 13, 2004.

Armin Skalmowski, Law Office of Armin Skalmowski, Alhambra, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, Richard A. Olderman, Esq., US Dept. of Justice Civil Division, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Jie Qu, a native and citizen of People's Republic of China, petitions for review of the Board of Immigration Appeals' (BIA) denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture.[1] We deny

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46,

the petition.[2]

The BIA's determination that an alien is not eligible for asylum must be upheld if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.* When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS*, 79 F.3d 955, 960 (9th Cir.1996) (en banc); *see also Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir.2004). And the claimed persecution must be on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42)(A); *Fisher*, 79 F.3d at 962. The withholding standard is more stringent. *Ghaly*, 58 F.3d at 1428–29.

Here, Qu's testimony and submissions are not so compelling as to require a reasonable factfinder to find past or fear of future persecution. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995). A reasonable factfinder would not be compelled to find that the actions against Qu were taken on account of a protected ground. *See Fish-*

*er*, 79 F.3d at 961–62; *see also Dinu v. Ashcroft*, 372 F.3d 1041, 1044 (9th Cir. 2004); *Abedini v. INS*, 971 F.2d 188, 191 (9th Cir.1992). As Qu's claims did not meet the requirements for eligibility for asylum, he is not entitled to withholding of deportation either. *See Ghaly*, 58 F.3d at 1429; *see also de Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997).

Nor did the BIA err when it determined that Qu was not entitled to relief under the Convention Against Torture. On the information in this record, we cannot say that Qu has demonstrated that it is more likely than not that he would be tortured if returned to People's Republic of China. *See* 8 C.F.R. § 208.16(c)(2); *Kamalthas v. INS*, 251 F.3d 1279, 1282–84 (9th Cir. 2001).

Petition DENIED.

U.N. GAOR, 39th Sess., Supp. No. 51, U.N. Doc. A/RES/39/46 (1984).

**2.** We reject Qu's contention that the BIA unlawfully affirmed the result of the Immigra-

tion Judge because it did not provide extensive written analysis of various issues. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).